UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LENNARD LASTER,

        Petitioner,                Case No. 1:21-cv-366

v.                                         Honorable Paul L. Maloney

GREGORY SKIPPER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. **Factual allegations**

Petitioner Lennard Laster is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. On November 4, 2009, following a three-day jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b. On December 2, 2009, the court sentenced Petitioner to imprisonment for 25 to 40 years.

Petitioner directly appealed his conviction to the Michigan Court of Appeals. He raised several issues, *see People v. Laster*, No. 296281 (Mich. Ct. App. May 26, 2011), but he did not raise the issues he raises in the present petition. (Pet., ECF No. 1, PageID.6–9.) The court of appeals denied relief on May 26, 2011. Petitioner failed to file a timely application for leave to appeal to the Michigan Supreme Court. For almost ten years, Petitioner did not challenge the constitutional validity of his conviction or sentence in the state courts or in this Court.

On April 30, 2021, Petitioner filed his habeas corpus petition raising three grounds for relief, as follows:

I. Violation of 13th Amendment and 8th Amendment

I was arrested on 12-15-2008 plus I was on S.S.I., the court knew this and still gave me an excessive bail, 8th amendment violation plus I was held in their custody for [several] months without being duly convicted of a crime! Violation of my 13th Amendment [rights]!

II. Excessive bail

The courts [k]new that I was receiving S.S.I. at the time of my bail hearing and yet they still gave me an unattainable bail, thousands of dollars.

III. Cruel and unusual punishment

The court knew that I couldn't raise the unattainable bail, thus I haven't been convicted of a crime until months later, their action was a direct violation of my 14th Amendment and 8th Amendment.

2

(Pet., ECF No. 1, PageID.6-9.) The petition does not call into question the constitutional validity of Petitioner's conviction or sentence. It only contests the constitutional validity of the order detaining him before his trial.

## II.     Petitioner's claims are moot

In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court explained the limits of habeas corpus review as follows:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

*Maleng*, 490 U.S. at 490–91. Petitioner is "in custody" under the 2009 judgment of sentence for CSC-I. The order he attacks, however, is the order that kept him in detention after he was arrested during December of 2008.

The Eighth Amendment provides that "[excessive bail shall not be required." *United States v. Salerno*, 481 U.S. 739, 752 (1987) (internal quotes omitted). A habeas corpus petition can be an appropriate means to remedy excessive bail; but once the defendant is convicted in the state court, with respect to habeas relief, the issue becomes moot. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("[W]e find that Hunt's constitutional claim to pretrial bail became moot following his convictions in state court . . . ."); *see also United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) ("He first argues that the prosecutor violated his Fifth, Eighth, and Fourteenth Amendment rights by fabricating evidence so that the Magistrate would deny his pretrial release on bond. Manthey's conviction, however, renders his constitutional claims to pretrial bail moot."); *Bridges v. Sloan*, No. 1:15-cv-2556, 2018 WL 7917920, at *25 (N.D. Ohio Aug. 9, 2018) ("First, post-conviction claims of excessive pre-trial bail have been adjudged moot

in the context of federal habeas proceedings because the petitioner is not in custody as a result of the supposedly excessive bail, but rather as a result of the subsequent conviction.") (footnote omitted); *Dickson v. Leibach*, No. 3:18-cv-60, 2019 WL 5057175, at *5 (E.D. Tenn. Oct. 8, 2019) ("Accordingly, this claim is procedurally defaulted and otherwise moot, as Petitioner is not currently imprisoned because of excessive bail, but rather, because of his convictions.").

Petitioner does not suggest that the imposition of an excessive bail otherwise rendered his trial or conviction constitutionally infirm. Accordingly, upon his conviction, at least with regard to habeas review, his excessive bail claim was rendered moot. At that point, he was no longer "in custody" pursuant to the trial court's order imposing an excessive bail; he was "in custody" pursuant to his conviction.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve

4

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reason the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   May 6, 2021                             /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge